# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **Jamon T. Brim,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) Civil No. |
| | ) |
| **Experian Information Solutions, Inc., Equifax Information Services, Inc., and Trans Union, LLC** | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1.  This is an action brought by the Plaintiff, Jamon T. Brim, for actual and statutory damages, attorney's fees, and costs for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq,* (hereinafter "FCRA"). The Plaintiff also seeks compensatory and punitive damages for the Defendants' violations of Alabama's common laws set forth herein.

## JURISDICTION AND VENUE

2.  This Court has Jurisdiction under 15 U.S.C. §1681p and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendants transacted business here, and the Plaintiff resides here.

## PARTIES

3. The Plaintiff, Jamon T. Brim, is a resident and citizen of the State of Alabama, Madison County, and is over the age of twenty-one (21) years.

4. Defendant Experian Information Solutions, Inc., ("Experian"), is an Ohio corporation registered to do business in Alabama with the Alabama Secretary of State. Defendant Experian may be served with process through its registered agent for service of process, The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109. The Defendant Experian was in all respects and at all times relevant herein doing business in the state of Alabama.

5. Defendant Equifax Information Services, Inc., ("Equifax"), is a Georgia corporation registered to do business in Alabama with the Alabama Secretary of State. Defendant Equifax may be served with process through its registered agent for service of process, Corporation Service Company, 1703 Laurel Street, Columbia, SC 29201. The Defendant Equifax was in all respects and at all times relevant herein doing business in the state of Alabama.

6. Defendant Trans Union LLC ("Trans Union") is a Delaware corporation registered to do business in Alabama with the Alabama Secretary of State. Defendant Trans Union may be served with process through its registered agent for service of process, Prentice-Hall Corporation System Inc., 150 South

Perry Street, Montgomery, Alabama 36104.  Defendant Trans Union was in all respects and at all times relevant herein doing business in the state of Alabama.

## FACTUAL ALLEGATIONS

7. In November 2004, the Plaintiff purchased a computer from Dell, Inc., which was financed through Dell Financial Services ("Dell").

8. On or about November 8, 2004, the Plaintiff made a payment of $954.12 to Dell which represented payment in full for the computer.

9. On or about February 10, 2005, the Plaintiff received a statement from Dell indicating a new balance of $1,185.69 which included a past due amount, late charge assessment and billed finance charges.

10. Thereafter, the Plaintiff obtained a copy of this Trans Union credit report showing a Dell account reporting as past due.  The Plaintiff disputed the reporting of the Dell account to Trans Union stating that the account had been paid in full.

11. On or about November 16, 2005, the Plaintiff received a copy of Trans Union's investigation results which indicated the Dell account was continuing to report as a past due account on his credit.

12. The Plaintiff also disputed the reporting of the Dell account as past due and having a balance owed with Equifax and Experian.

13. On or about January 21, 2008, the Plaintiff received a statement from Midland Credit Management ("MCM") informing him that the Dell account had been purchased by Midland Funding LLC, would be serviced by MCM, and that the balance due on the account was $1,603.15.

14. On or about July 13, 2008, the Plaintiff obtained a copy of his Equifax credit report wherein MCM was reporting a collection account from original creditor Dell with a past due balance of $1617.

15. On or about July 29, 2008, the Plaintiff obtained a copy of his credit report from Experian wherein MCM was continuing to report a collection account from Dell with a balance of $1,617.

16. On or about July 29, 2008, the Plaintiff also obtained a copy of this credit report from Trans Union. The Plaintiff's Trans Union credit report also showed that MCM was continuing to report a collection account from Dell with a balance of $1,617.

17. On or about July 29, 2008, the Plaintiff sent a letter to Experian disputing, among other things, the MCM account reporting on his credit report. Along with the letter to Experian, the Plaintiff also provided documentation showing that the account had been paid in full on November 8, 2004.

18. On or about July 29, 2008, the Plaintiff also sent letters to Equifax and Trans Union disputing the MCM collection account and providing documentation that the account had been paid in full on November 8, 2004.

19. On or about August 7, 2008, the Plaintiff received the results of his dispute to Trans Union showing that the MCM account remained on his credit report. The only change to the MCM account was a notation that the account was "disputed by consumer."

20. On or about August 12, 2008, the Plaintiff received the Experian investigation results indicating that the MCM account was reviewed, but it remained on the Plaintiff's credit report.

21. On or about March 10, 2009, the Plaintiff again sent letters to Experian, Equifax, and Trans Union in another attempt to delete the MCM account from his credit reports. Along with each letter, the Plaintiff provided a copy of his bank statement showing the payment to Dell.

22. On or about March 20, 2009, the Plaintiff received a response to his dispute from Trans Union showing that the MCM account was continuing to be reported as an adverse, negative account with a balance owed.

23. On or about March 20, 2009, the Plaintiff received Equifax's response wherein Equifax was continuing to report the MCM account as a negative, collection account with a balance owed.

24. On or about March 21, 2009, the Plaintiff received a response from Experian stating that the Plaintiff did not provide sufficient identification information for them to verify his identity. Thus, despite receiving the Plaintiff's letter and documentation showing the account was paid in full, Experian did nothing to correct the Plaintiff's credit report.

25. The Plaintiff has made numerous attempts to correct this matter with the Defendants but the Defendants continue to report that the Plaintiff has a past due collection account owed to MCM and also continue to disseminate that incorrect and inaccurate information to third parties viewing the Plaintiff's credit reports.

26. On or about May 14, 2009, the Plaintiff was denied credit by American Express.

## COUNT ONE
## FAIR CREDIT REPORTING ACT

27. The Plaintiff adopts the averments and allegations of paragraphs 7 through 26 hereinbefore as if fully set forth herein.

28. Defendants, Experian, Equifax and Trans Union, maintain and distribute credit data files on the Plaintiff's credit. Defendants have negligently and willfully violated the provisions of the Fair Credit Reporting Act by failing and refusing to take steps to correct the Plaintiff's credit reports and by failing and refusing

to follow reasonable procedures to assure maximum possible accuracy of the Plaintiff's credit file.

29. The Plaintiff further alleges that Defendants, Experian, Equifax and Trans Union, repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file. Additionally, Defendants negligently and willfully refused to provide the Plaintiff a copy of his credit file.

30. Due to Defendants, Experian, Equifax and Trans Union's, negligent and willful failure to comply with the requirements of the Fair Credit Reporting Act, the Plaintiff is entitled to statutory damages.

31. As a result of Defendants, Experian, Equifax and Trans Union's acts and omissions, the Plaintiff has suffered actual and compensatory damages. The Plaintiff has suffered denials of credit, damage to his credit reputation, mental anxiety, emotional suffering, worry, humiliation and mental distress. In addition, the Plaintiff has incurred out of pocket expenses, litigation expenses and attorneys' fees which, but for the acts and omissions of Defendants alleged herein, would not have been necessary. Further, Defendants' acts and omissions were willful and demonstrate a reckless disregard for the Plaintiff's rights. Therefore Defendants are liable to the Plaintiff for punitive damages.

**COUNT TWO**

## FAIR CREDIT REPORTING ACT

32. The Plaintiff adopts the averments and allegations of paragraphs 7 through 31 hereinbefore as if fully set forth herein.

33. Defendants, Experian, Equifax and Trans Union's acts and omissions alleged herein are in violation of the Fair Credit Reporting Act which require the Defendants to follow reasonable procedures to assure maximum possible accuracy of the information concerning the Plaintiff's credit file; and which require the Defendants to conduct a reasonable re-investigation of disputed information received from the Plaintiff.

34. Defendants, Experian, Equifax and Trans Union, repeatedly failed to delete and suppress erroneous, false, misleading, and/or inaccurate information from the Plaintiff's credit file.

35. On more than one occasion the Plaintiff disputed the erroneous information contained on his credit report directly with Defendants, Experian, Equifax and Trans Union.  Additionally, the Plaintiff repeatedly provided Defendants documentation verifying that the account had been paid.

36. Despite the Plaintiff's repeated disputes and in direct violation of the FCRA, Experian, Equifax and Trans Union failed to correct the inaccurate, erroneous, and malicious reporting on the Plaintiff's credit report.

37. On information and belief, the Plaintiff's, Experian, Equifax and Trans Union credit reports presently contain erroneous, libelous, inaccurate, and adverse information. Defendants continue to report adverse, erroneous and libelous information to third parties who access the Plaintiff's credit report.

## COUNT THREE
## DEFAMATION, LIBEL AND SLANDER

38. The Plaintiff adopts the averments and allegations of paragraphs 7 through 37 hereinbefore as if fully set forth herein.

39. Defendants, Experian, Equifax, and Trans Union willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff to third parties and the public at large. Said statements subjected the Plaintiff to the denial of credit by third parties, harmed the Plaintiff's reputation, and caused the Plaintiff mental anguish and emotional distress.

40. Said communications were false in that Plaintiff was not indebted to Dell, MCM, or Midland Funding, LLC and Plaintiff did not owe any balance on said account. In fact, the Plaintiff's account had been paid in full and was never late.

41. Said false and defamatory statements have harmed the reputation of the Plaintiff and/or deterred third persons from associating with the Plaintiff.

42. Defendants, Experian, Equifax, and Trans Union communicated to third parties and the public at large false information concerning the Plaintiff, disseminating and imputing false and misleading credit worthiness information concerning the Plaintiff.

43. At the time said communications were made, Defendants, Experian, Equifax, and Trans Union knew, or should have known, the falsity of the communication or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and maliciously communicated the falsity.

44. As a result of the intentional communication to the third parties of the false information, the Plaintiff was caused to suffer injury to his reputation in the eyes of his community and the public, and/or was subjected to ridicule.

45. As a proximate consequence of said defamation, libel and slander, the Plaintiff was caused to have negative credit reports, held up to public ridicule or shame, denied credit, and made to suffer humiliation, anxiety, loss of sleep, anger, fright, physical pain and illness and mental anguish for which he claims compensatory and punitive damages.

## COUNT FOUR
## NEGLIGENT TRAINING AND SUPERVISION

46. The Plaintiff adopts the averments and allegations of paragraphs 7 through 45 hereinbefore as if fully set forth herein.

47. Defendants, Experian, Equifax, and Trans Union knew or should have known of their inadequate training and supervision. If Defendants had properly trained and supervised their employees, agents, and assigns, the conduct set forth herein wherein the inaccurate and false information continued to be reported on the Plaintiff's credit reports would not have occurred.

48. Defendants, Experian, Equifax, and Trans Union knew or should have known that the conduct of its employees, agents, and/or assigns was improper.

49. Defendants, Experian, Equifax, and Trans Union negligently failed to train and supervise its employees, agents, and/or assigns in order to prevent said improper conduct.

50. As a result of the Defendants, Experian, Equifax, and Trans Union's negligence, the Plaintiff suffered damage to his credit, credit denials, humiliation, loss of sleep, anxiety, nervousness, physical sickness, physical and mental suffering, pain, and anguish.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against the Defendants, Experian Information Solutions, Inc., Equifax Information Services, Inc., and Trans Union, LLC, for the following:

A. Actual damages from Defendants, Experian, Equifax and Trans Union, pursuant to 15 U.S.C. § 1681n(a)(1)(A) and §1681o(a)(1).

E. Punitive damages from Defendants, Experian, Equifax and Trans Union for their willful violations of the FCRA pursuant to 15 U.S.C. §1681n(a)(2).

D. Costs and reasonable attorney's fees from Defendants, Experian, Equifax and Trans Union, pursuant to 15 U.S.C. §1681n(a)(3) and §1681o(a)(2).

E. Compensatory and punitive damages in excess of the jurisdictional requirements of this Court, from Defendants Experian, Equifax and Trans Union, on Plaintiff's State law claims in an amount to be determined by a jury.

F. For such other and further relief as the Court may deem just and proper.

/s/ Penny Hays Cauley
Penny Hays Cauley
Attorney for Plaintiff

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501
(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

/s/ Ronald C. Sykstus
Ronald C. Sykstus

**OF COUNSEL**:
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
415 Church Street, Suite 100
Huntsville, AL 35801
(256) 539-9899
(256) 539-9895 Facsimile
rsykstus@bondnbotes.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY ON ALL COUNTS**

/s/ Penny Hays Cauley
Penny Hays Cauley

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL:**
Experian Information Solutions, LLC,
c/o Registered Agent, The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama 36109.

Equifax Information Services, LLC
c/o Registered Agent, Corporation Service Company
1703 Laurel Street
Columbia, SC 29201

Trans Union, LLC
c/o Prentice-Hall Corporation System Inc.
150 South Perry Street
Montgomery, AL 36104