FILED
2010 Apr-12  AM 09:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| **Jamon T. Brim,** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| v. | ) Civil No. 10-cv-S-0368-CLS |
| | ) |
| **Experian Information,** | ) |
| **Solutions, Inc., Equifax** | ) |
| **Information Services, Inc.,** | ) |
| **and Trans Union, LLC,** | ) |
| | ) |
| **Defendants.** | ) |

### REPORT OF PARTIES' PLANNING MEETING

1.  <u>Appearances</u>:

    Pursuant to Fed. R. Civ. P. 26(f), Penny Hays Cauley and Ronald C. Sykstus, counsel for the Plaintiff; Rebecca Crawford, counsel for Experian Information Solutions, Inc.; Ann Broussard, counsel for Equifax Information Services, Inc.; and Timothy Davis, counsel for Trans Union LLC, conducted a series of communications electronically and over the phone, as needed, for purposes of preparing the parties' proposed discovery plan. As a result of these communications and in compliance with Federal Rule of Civil Procedure 26, the parties submit the following synopsis of claims and defenses and proposed discovery schedule:

2.  <u>Synopsis of case</u>:

Plaintiff seeks statutory, actual and punitive damages for the Defendants' alleged violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq., plus attorney's fees and costs.  The Plaintiff also seeks compensatory and punitive damages for the Defendants' alleged violations of Alabama law including defamation, libel, and slander; negligent training and supervision; and reckless and wanton training and supervision.

The Defendants readopt and reallege all affirmative defenses from the Answers filed in response to Plaintiff's Complaint as if fully set forth herein.  The Defendants deny all of the Plaintiff's allegations and contentions which were or which could have been stated in the Plaintiff's Complaint.

3.   Join Additional Parties/Amend the Pleadings:

    a.   The Plaintiffs shall have until July 30, 2010, to join any additional parties and to amend the pleadings.

    b.   The Defendants shall have until August 27, 2010, to join any additional parties and to amend the pleadings.

4. Dispositive Motions:

All potentially dispositive motions must be filed by February 7, 2011.

5.   Expert Testimony:

Unless modified by stipulation of the parties, the disclosure of expert witnesses — including a complete report under Fed. R. Civ. P. 26(a)(2)(B) from any specially

retained or employed expert are due:

    a.    From the Plaintiff:    October 1, 2010

    b.    From the Defendant:    November 5, 2010

6.    <u>Discovery Plan</u>: The parties jointly propose to the Court the following discovery plan:

    a.    Discovery will be needed by the Plaintiff on the following subjects: all substantive claims and defenses.

    b.    Discovery will be needed by the Defendant on the following subjects: all substantive claims and defenses.

    c.    Maximum of 8 depositions for the Plaintiff and 8 depositions for each Defendant, excluding Expert depositions, with a maximum time limit of 8 hours per deposition, unless extended by agreement of the parties or the deposition is by written questions.

    d.    Maximum of 25 Interrogatories to each party, with responses due within 30 days after service.

    e.    Maximum of 25 Requests for Admission to each party, with responses due within 30 days after service.

    f.    Maximum of 50 Requests for Production to each party, with responses due within 30 days after service.

    g.    Supplementation under Rule 26(e), Fed. R. Civ. P., due 14 days before

      the close of discovery.

h.     Pre-discovery disclosure: The parties shall exchange the information required by Local Rule 26.l(a)(l) by April 26, 2010.

i.     All discovery must be commenced in time to be completed by January 17, 2011.

j.     The parties will endeavor to preserve any and all electronically-stored information, to the extent that it currently exists, relating to the Plaintiff, the events alleged in Plaintiff's complaint or the Defendants' defenses thereto.  Disclosure or discovery of electronically stored information (ESI) should be handled as follows:

    1.     The production of ESI will either be produced in a printed out version or in a pdf format, at the discretion of the producing party.

    2.     If any party withholds information claiming a privilege or protection as trial-preparation material, that party must make the claim expressly and shall describe the nature of the documents, communications or things not produced or disclosed that will enable other parties to assess the applicability of the privilege or protection.

    3.     All parties agree to implement the provisions of Rule 26(b)(5)(B) to protect any information produced in discovery that is subject

    to a claim of privilege or of protection as trial-preparation material.

 k. The parties agree that, pursuant to Rule 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure, any pleadings or other papers may be served by sending such documents by email to the primary and/or secondary email addresses listed below (or any updated email address provided to all counsel of record). The parties also agree, upon request, to promptly (no later than the second business day after the day of service) provide the sending party with confirmation of receipt of the service by email. The format to be used for attachments to any email message shall be Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

7. <u>Pre-trial conference:</u>

This matter should be ready for a pretrial conference in March, 2011.

8. <u>Trial:</u>

This case will be ready for trial in April, 2011.

Trial is expected to last 4 days.

9. <u>Final lists</u>:

Final lists of trial witnesses and exhibits under Fed. R. Civ, P. 26(a)(3) must be served and filed:

    a.    By the Plaintiff: 21 days before trial.

    b.    By the Defendant: 21 days before trial.

Objections are to be filed within 7 days after receipt of final lists.

10. <u>Scheduling Conference</u>:

The parties do not request a scheduling conference prior to the entry of the Scheduling Order.

11. <u>Motions in Limine</u>:

All *in limine* motions should be filed 14 days before trial.

12. <u>Settlement</u>:

The parties do not request a settlement conference with the Court at this time. The parties will discuss settlement as the case progresses and will request mediation if the need arises.

Submitted this 12th day of April, 2010.

                                /s/ Penny Hays Cauley
                                Penny Hays Cauley, Esq.

**OF COUNSEL:**
HAYS CAULEY, P.C.
549 West Evans Street, Suite E
Florence, SC 29501

(843) 665-1717
(843) 665-1718 Facsimile
phc917@hayscauley.com

        And

        /s/ Ronald C. Sykstus
        Ronald C. Sykstus, Esq.
        Attorneys for Plaintiff

**OF COUNSEL:**
BOND, BOTES, SYKSTUS, TANNER & EZZELL, P.C.
415 Church Street, Suite 100
Huntsville, AL 35801
(256) 539-9899
(256) 539-9895 Facsimile

        /s/ K. Ann Broussard
        K. Ann Broussard, Esq.
        Attorney for Equifax Information Services

**OF COUNSEL:**
KING & SPALDING LLP
1180 Peachtree Street, N.E.
Atlanta, GA 30309
(404) 572-5100
(404) 572-5172 Facsimile

        /s/ Timothy M. Davis
        Timothy M. Davis, Esq.
        Attorney for Trans Union, LLC

**OF COUNSEL:**
WALSTON WELLS & BIRCHALL, LLP
1819 Fifth Avenue North, Suite 1100
Post Office Box 830642
Birmingham, AL 35283-0642
(205) 244-5200
(205) 244-5400 Facsimile

/s/ Rebecca B. Crawford
Rebecca B. Crawford, Esq.
Attorney for Experian Information Solutions

**OF COUNSEL**
JONES DAY
1420 Peachtree Street, N.E., Suite 800
Atlanta, GA 30309-3053
(404) 581-8825
(404) 581-8330 Facsimile